**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOHN TIMOTHY PRICE,**

        **Petitioner,**

   v.              CASE NO. 21-3259-SAC

**STATE OF KANSAS,**

        **Respondent.**

**MEMORANDUM AND ORDER**

   This matter is before the Court on Petitioner's motion for leave to proceed in forma pauperis (Doc. 4) and his response (Doc. 5) to this Court's notice and order to show cause (NOSC). For the reasons stated below, the Court will dismiss this action without prejudice under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). Accordingly, the motion for leave to proceed in forma pauperis will be denied as moot.

   At the beginning of November 2021, Petitioner was arrested on a bench warrant issued by the Shawnee County District Court. A week later, he filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. The grounds for federal habeas relief articulated in the petition challenge the validity of the state criminal charges pending against him in Shawnee County.

   The Court conducted a preliminary review of the petition and concluded that it appears that the Court must abstain from interfering with Petitioner's ongoing state-court criminal prosecution. (See Doc. 3.) Thus, on November 15, 2021, the Court

issued a NOSC directing Petitioner to show cause, in writing, why this matter should not be summarily dismissed without prejudice. *Id.*

As the Court noted in its NOSC, the United States Supreme Court has held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on an alleged state crime. *See Ex Parte Royall*, 117 U.S. 241 (1886). Although there are very limited circumstances in which such intervention might be proper, none of those circumstances are alleged in the petition presently before this Court. In addition, the United States Supreme Court has instructed that principles of comity dictate that except in unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46.

Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). As noted in the NOSC, it appears that all three conditions are met here. The state-court criminal case against Petitioner is ongoing. The state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims, whether in the district court, on appeal, or, if necessary, in further proceedings. *See id.* at 1258 (noting that state courts generally provide an adequate opportunity in this context "'unless state law clearly bars the interposition

of the federal statutory and constitutional claims'"). And the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

Petitioner filed his response on November 29, 2021, and the Court has reviewed it carefully. Even liberally construing the response, as is required since Petitioner proceeds pro se, the response does not allege the sort of special circumstances that warrant federal-court intervention. The *Younger* abstention conditions are present and the circumstances considered in *Ex Parte Royall* are not. Thus, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a COA.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 4) is **denied as moot**.

**IT IS SO ORDERED.**

DATED:  This 1st day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge